This report was confirmed on the 20th February, 1818.
Johnston, Ch.
We concur with the Chancellor with respect to the amount paid over by the master to Mrs. Spencer. It appears that the order of the Court was to put the money in the hands of the administratrix, to be employed by her, under the direction of the master, in the payment of debts, and that she should account for it. The custody of the money gave her the control of it. The master ought not to be made responsible for funds ordered to be put into the hands of another person beyond his control. She, in whose hands it was placed, was directed how to employ it, and was made accountable for its misapplication. If she had employed it under the direction of the master, as directed, she would have been discharged; as she did not, she was accountable for it. The direction that she should not apply it without the approbation of the master, was a condition which she was to obey, but her disobedience was no fault of the master.
With respect to the sums which the master paid to Emanuel and Le Prince and Dumont, we concur with the Chancellor, that it was a misapplication for which the master was responsible. He assumed to act on the trust delegated to the administratrix, and he who assumes the execution of a trust, shall be held liable, if he fails in the performance of his duties, he has undertaken. But we think that upon the well established principle that interest follows every breach of trust, interest should have been charged on the *179 money misapplied, to be computed from the time of the misapplication. In this case, it is but a fair compensation for the loss sustained, The complainant was subjected to her proportion of interest paid to the bank for the very money which was misapplied.
The Court, on the other hand, is of opinion that the defendants should have been allowed credit for the complainant’s proportional share of the money paid by the master to the bank, in discharge of the loan; the allowance to carry interest from the time of the disbursement. This was no misapplication. If the administratrix herself had received the money loaned by the bank, she would have been allowed credit for any re-payment. The master’s repayment should stand on the same footing. As to the complainant, it is the same as if the loan had been less, by the amount repaid, and in the foreclosure of the mortgage, her'loss was diminished by so much.
Let the circuit decree be modified according to this opinion, and let the report be recommitted to be reformed accordingly. The defendants to pay costs.